Jerry Wayne HOPKINS,
Petitioner-Appellant,

v.

STATE OF ALABAMA,
Respondent-Appellee.

No. 75–1833.

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1975.
Rehearing Denied Jan. 7, 1976.

William N. Clark, Birmingham, Ala. (Court appointed), for petitioner-appellant.

William J. Baxley, Atty. Gen., Joseph G. L. Marston, III, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before GODBOLD, SIMPSON and CLARK, Circuit Judges.

PER CURIAM:

Jerry Wayne Hopkins appeals from an order denying his petition for the writ of habeas corpus. Hopkins asserted that evidence admitted at his trial was the fruit of an illegal search, his arraignment and trial on the same day prejudiced his defense, and he was convicted and sentenced on a charge for which he was not indicted. That portion of the district court's order denying relief because of an alleged illegal search is affirmed. The state of the record, however, is such that this court cannot determine whether available state remedies for the remaining claims have been exhausted. We, therefore, affirm in part and remand.

The facts at trial showed that on the evening of January 6, 1971 four policemen went to a house in Huntsville, Alabama to investigate a robbery which had occurred earlier that same day. A knock on the door by a plain-clothes detective was answered by gun shots from inside the house. Several persons who exited from the rear of the house were detained and searched. More shots were heard by the surrounding officers. When tear gas was thrown into the house, Hopkins came out through the front door. He was arrested and searched in the front yard. Neither the searches of the suspects who left the rear of the house nor the search of Hopkins turned up the weapon used to fire on the officers. The house was immediately searched and a .32 caliber automatic pistol was seized. Hopkins was sentenced to 20 years in prison for assault with a deadly weapon on a peace officer while in the performance of his duties.[1]

On direct appeal to the Alabama Criminal Court of Appeals one of Hopkins claims was that the search of the house was unconstitutional and, therefore, that the gun seized should not have been admitted into evidence. Hopkins also claimed that arraignment and trial on the same day violated Alabama procedural law; however, he did not assert that this procedure left his counsel unprepared and thereby prejudiced his defense. Another of Hopkins' claims on his direct appeal was that the judgment entry showing conviction of assault with intent to murder was incorrect. After the appeal was filed, the judgment was amended by the state to show conviction on assaulting a peace officer with a deadly weapon while in the performance of his duties. The appeal raised further claims which are not pertinent here.

■ Hopkins alleges that he filed petitions for habeas corpus relief with courts of the State of Alabama which raised the exact issues now before this court.[2] However, the state of the record is such that we cannot say it is conclusively shown that these petitions were filed as alleged, that they raised the same issues now before this court, or that a decision on the merits was made by any Alabama court.[3]

1. Ala.Code tit. 14, § 374(20) (Supp.1973).

   Hopkins claims he was actually convicted of a charge for which he was not indicted at the time of trial, assault with intent to murder, Ala.Code tit. 14, § 38 (1958). Since this court is unable, on the record before it, to determine whether Hopkins has exhausted his available state remedies we do not reach the merits of this claim.

2. Specifically, Hopkins alleges that he filed a petition for a writ of habeas corpus in the Escambia Circuit Court, Brewton, Alabama, which was denied on February 14, 1974, and in the Alabama Criminal Court of Appeals which was denied on March 5, 1974. He asserts that a motion for rehearing was filed in the Criminal Court of Appeals which was denied on March 26, 1974, and that a petition to the Alabama Supreme Court for a writ of certiorari was denied April 9, 1974.

3. We have not overlooked the fact that the record includes a hand-written copy of a peti-

On August 16, 1974 Hopkins filed his petition for habeas corpus in the United States District Court for the Northern District of Alabama. The district court's order of January 17, 1975 denied Hopkins' petition and adopted the recommendations of the magistrate disposing of the merits of all three claims raised by Hopkins.

The record on appeal is not sufficiently complete to allow this court to determine whether Hopkins has exhausted his available state remedies as to his claims that arraignment and trial on the same day prejudiced his defense and that he was convicted and sentenced on a charge for which he was not indicted. Neither the district court's order nor the magistrate's report which it adopted discussed exhaustion or Hopkins' alleged state habeas petitions. Since the state has asserted that no exhaustion has taken place on these issues, we remand for a determination of whether Hopkins has exhausted available state remedies as to these grounds.

■ On the merits of the claim we know has been exhausted, Hopkins argues that the gun seized during the warrantless search of the house is the fruit of an illegal search and should not have been admitted into evidence. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) clearly limits searches incident to lawful arrest to areas within the immediate control of the arrested person. *Chimel* found unconstitutional a search which extended beyond the room in which the arrest took place. *Vale v. Louisiana*, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970) holds unconstitutional

the search of a house as incident to a lawful arrest which occurred outside the house. Both of these cases, however, are distinguishable from the facts presented here. *Vale* involved a search for narcotics and *Chimel* for evidence relating to the burglary of a coin shop. Neither case presented the exigent circumstances and fact setting shown in this case. While Hopkins was arrested outside the house his presence there was the direct result of tear gas fired into the house to dislodge the shooter or shooters who were firing on the surrounding officers. The search of the house was made immediately after Hopkins was driven out and arrested. Since the gun had not been found before the search, the officers could have reasonably feared that the weapon and its user still remained in the house. The immediate need to ensure that no one remained in the house preparing to fire the yet unfound weapon obviously justified this warrantless search. "The Fourth Amendment does not require police officers to delay in the course of an investigation if to do so would gravely endanger their lives or the lives of others." *Warden v. Hayden*, 387 U.S. 294, 298–99, 87 S.Ct. 1642, 1646, 18 L.Ed.2d 782 (1967); *accord, McDonald v. United States*, 335 U.S. 451, 456, 69 S.Ct. 191, 93 L.Ed. 153, 158 (1948). As in *Hayden*, "Speed here was essential, and only a thorough search of the house for persons and weapons could have insured that [others were not present] and that the police had control of all weapons which could be used against them . . . ." The gun seized during the search, therefore, was properly admitted into evidence.

Affirmed in part and remanded.

tion to the Alabama Supreme Court for a writ of certiorari asking that court to review a denial of a petition for a writ of habeas corpus by the Alabama Criminal Court of Appeals and that the copy of this petition for certiorari recites as the issues raised in the state habeas proceedings the very same issues now before this court. The record also includes a certified copy of a denial without stated reasons of a petition for a writ of certiorari filed by Hopkins. The record, however, does not include any details of the actual content of the lower court habeas petitions, and it is silent as to whether the supreme court's denial of the petition for certiorari was based on the merits of the issues raised or on procedural grounds.